**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTER BURNETT, | No. 11-55637 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02745-PSG-MLG |
| v. | |
| BRUCE FAECHER, Doctor; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ester Burnett, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his back pain and related medical needs. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Burnett's Eighth Amendment claims because Burnett did not raise a genuine dispute of material fact as to whether defendants' decisions regarding Burnett's medications were "medically unacceptable under the circumstances, and [were] chosen in conscious disregard of an excessive risk to [Burnett's] health." *Id.* at 1058 (citation and internal quotation marks omitted) (a difference in medical opinion does not rise to the level of deliberate indifference). Burnett also failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his need for a particular bunk placement and to transfer to a different prison facility, or whether the requirement that inmates help identify potentially compatible cellmates violated his Eighth Amendment rights. *See id.* at 1060 (deliberate indifference is a high legal standard; mere negligence does not suffice); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Because the district court granted summary judgment independently of the deemed admissions, we do not consider Burnett's argument that the district court abused its discretion in denying his motion to withdraw the admissions.

11-55637

The district court did not abuse its discretion in denying Burnett's motion for leave to file a fourth amended complaint, after granting Burnett multiple opportunities to amend and instructing him on the deficiencies in the complaint. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that the district court's discretion is particularly broad when it has already granted leave to amend).

The district court did not abuse its discretion in denying Burnett's motion for appointment of counsel because Burnett failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

Burnett's contentions regarding the district court's dismissal of his second amended complaint are rejected.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Burnett's request for appointment of counsel, set forth in his opening brief, is denied. Burnett's "motion to exclude admissions," filed on February 24, 2012, is denied.

**AFFIRMED**.

11-55637